UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYAN E. JOHNSON,

          Plaintiff,

v.

JUDY SNOW,

          Defendant.

Case No. C08-5570 RJB/KLS

ORDER TO SHOW CAUSE

      This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the court on Plaintiff's filing of a motion to proceed *in forma pauperis*. Dkt. # 1. Plaintiff is currently detained at the Pierce County Jail in Tacoma, Washington. To file a complaint and initial legal proceedings, a plaintiff must file a filing fee of $350.00 or file a proper application to proceed *in forma pauperis.*

      The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See Temple v. Ellerthorpe*, 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex. 1977); *U.S. ex rel. Irons v. Com. of Pa.*, 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton*, 357

ORDER
Page - 1

F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

Pursuant to 28 U.S.C. § 1915(a)(2):

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

In his initial application to proceed *in forma pauperis*, Plaintiff failed to provide the Court with information regarding his inmate trust account. Dkt. # 1. In a separate document dated September 22, 2008, Plaintiff stated that he was submitting a "computer print-out of his inmate trust account," however no such print-out was attached. Dkt. # 3. By letter dated September 25, 2008, the Court Clerk advised Plaintiff that he was required to provide a certified copy of his prison trust account statement showing transactions for the past six months. Dkt. # 2. Plaintiff promptly responded, stating that he had already provided the Court with all relevant transactions as he has not been imprisoned for the past six months. Dkt. # 4.

Plaintiff is correct that he need only supply the Court with his prison trust account transactions relevant to the time he has been imprisoned. However, the document to which he referred in his September 22nd filing was not included in his mailing to the Court. Therefore, the Court is unable to complete its determination of Plaintiff's *in forma pauperis* application.

Accordingly, it is **ORDERED**:

(1) Plaintiff shall provide the Court with relevant trust account transactions relating to the time that he has been imprisoned at the Pierce County Jail. Plaintiff shall provide such information to the Court **no later than November 14, 2008**; and

(2) The Clerk is directed to send a copy of this Order to Plaintiff.

DATED this 20th day of October, 2008.

Karen L. Strombom
United States Magistrate Judge