UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYAN E. JOHNSON,

    Plaintiff,

v.

JUDY SNOW,

    Defendant.

Case No. C08-5570 RJB/KLS

ORDER TO SHOW CAUSE

This civil rights action has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local MJR 3 and 4, and Federal Rule of Civil Procedure 72. Plaintiff has been granted leave to proceed *in forma pauperis*.

Presently before the Court for review is Plaintiff's proposed civil rights complaint. Dkt. # 1-2. Plaintiff brings his action under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights against the director of mental health services of the Pierce County Jail. *Id.*, p. 2. Plaintiff seeks damages for "pain and suffering, anxiety and other adverse health consequences" brought about as a result of the defendant's failure to provide him with requested medical care and medications for his multiple personality disorder and PTSD conditions. *Id.*, pp. 3-4.

Plaintiff also requests injunctive relief "directing PCJ to cease and desist interfering with

ORDER - 1

prisoner suits by failing to provide certified statements of inmate funds such injunction to be permanent and issued as emergency relief." *Id*., p. 4.

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

In addition, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also* 28 U.S.C. § 1346(b)(2) (similar provision added to the Federal Tort Claims Act). This provision "requires a showing of physical injury that need not be significant but must be more than *de minimus*." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

In this case, Plaintiff asks that the Court grant him compensatory damages for mental or emotional injury suffered without a prior showing of physical injury. As noted above, although

ORDER - 2

mental and emotional distress damages are available as compensatory damages under § 1983, no compensatory damages are to be awarded for the mere deprivation of a constitutional right. *See Carey v. Piphus*, 435 U.S. 247, 264 (1978). Therefore, Plaintiff cannot bring this action without a prior showing of physical injury.

In addition, Mr. Johnson has failed to include any factual allegations to support his claim for injunctive relief. Mr. Johnson must state the names of the persons who participated in the alleged deprivation of his constitutional rights, the dates on which the conduct took place, and the specific conduct or action he alleges is unconstitutional.

Due to the deficiencies described above, the Court will not serve the complaint. Mr. Johnson may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed **no later than December 12, 2008**.

Plaintiff is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint" and Cause Number C08-5541RJB/KLS must be written in the caption**. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

Plaintiff is cautioned that if an amended complaint is not timely filed or if Plaintiff fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

ORDER - 3

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

Dated this  12th  day of November, 2008.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

ORDER - 4