UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYAN E. JOHNSON,

    Plaintiff,

v.

JUDY SNOW,

    Defendants.

Case No. C08-5570 RJB/KLS

REPORT AND RECOMMENDATION

**Noted For: May 29, 2009**

Before the Court is Defendant Judy Snow's motion for summary judgment. Dkt. # 27. Defendant argues that she is entitled to summary judgment because Plaintiff Bryan E. Johnson has failed to exhaust his administrative remedies, portions of his claims are barred by the applicable statute of limitations, and that she is entitled to qualified immunity. *Id*. Defendant Snow supports her motion with the declaration of Pam Lacipierre and her own declaration. Dkt. Nos. 28 and 29, respectively.

Mr. Johnson has not responded to Defendants' motion, although he has had ample time to file a response. Under Local Rule 7 (b)(2) failure to file papers in opposition to a motion may be deemed by the Court as an admission that the motion has merit.

For the reasons stated below, the undersigned recommends that Defendant Snow's motion for summary judgment be granted on the grounds that he has not exhausted his administrative remedies and that Plaintiff's claims against her be dismissed without prejudice.

REPORT AND RECOMMENDATION - 1

# I. FACTS

**A.  Plaintiff's Allegations**

Mr. Johnson filed his Amended Complaint on January 14, 2009.  Dkt. # 24.  He alleges that on sixty occasions between July 30, 2008 and September 2008, Defendant Judy Snow violated his Eighth Amendment rights by allowing her subordinates, "John Doe medication nurses" to collect written requests for mental health evaluations and psychiatric medications without recording or making a log of such requests.  *Id.*, p. 5.  Plaintiff alleges that Defendant's failure to affirmatively record or account for requests for medical care evaluations and medications is the ordinary policy or custom within the Pierce County Jail, and that the failure to accurately maintain such logs resulted in the denial of medical care for his serious mental health illness.  *Id.*  Plaintiff further alleges that Defendant Snow knew or should have known that he suffered from PTSD and associative identity disorder based on computer records indicating that he received medications between May 2005 and March 2006 and from the sixty occasions that he requested medical care between July and September 2008.  *Id.*

**B.  Exhaustion of Remedies**

According to Pam Lacipierre, the administrative assistant for the Pierce County Detention and Correction Center ("PCDCC"), the Prisoner Information Handbook, applicable at the time in question, includes the available procedure for filing and appealing "Prisoner Grievances," for jail conditions such as medical and mental health care treatment.  Dkt. # 28, p. 1, Exh. 1.  The Handbook states in pertinent part:

> <u>Mental Health Services</u>
> There are mental health services available in the jail.  If you want to see a Mental Health Professional (MHP), fill out a kite and place it in the medical kite box in your housing unit.  You may also ask for help directly through your Housing Officer or Booking Officer.
>
> . . .

REPORT AND RECOMMENDATION - 2

Prisoner Grievances
The Pierce county Detention and Corrections Center has a grievance procedure that you can use to express valid grievances.

Rules for Filing a Grievance/Appeal
The grievance program is intended to address serious concerns that are personal to you.

You may not use the grievance program to submit a request or appeal on behalf of another inmate(s).

You have the responsibility to use this program in good faith and in an honest and straightforward manner. Knowingly, making a false complaint is a major rule violation.

Before filing a formal grievance, you must first try to resolve the complaint informally with your Housing Officer.

If you are unable to resolve complaint, you may fill out a Formal Grievance Form:
- State, specifically, one single complaint or a few number of closely related issue on the form. If there are multiple unrelated issue on the form it will be rejected.
- Complete the form with all the requested identifying information as well as stating the complaint
- Sign the form and review the information you have written.
- Hand the form to a Corrections Officer. It will be forwarded to a Duty Sergeant and then on to the Grievance/Complaint Coordinator. The grievance will be recorded and answered within 10 working days of the receipt of the grievance.

Ms. Lacipierre has researched PCDCC prisoner grievance records for Plaintiff Bryan E. Johnson. *Id.*, p. 2. The grievance records indicate that Mr. Johnson filed a grievance on August 25, 2005, concerning food services, to which he received a response on August 30, 2005. *Id.*, p. 2. PCDCC records disclose that Mr. Johnson filed no grievance during his periods of incarceration concerning mental or health care. *Id.*, p. 2.

**C.     Affidavit of Judy Snow**

In her Affidavit, Defendant Snow states that she is now, and for the past nine years has been the Mental Health Manager for PCDCC. Dkt. # 29, p. 1. She states that when the Plaintiff was first

REPORT AND RECOMMENDATION - 3

booked into the PCDCC on May 26, 2006 he claimed he had "No stated mental health problems." *Id*., p. 2, Exh. 2. PCDCC records further reveal that plaintiff did not seek mental health care until September 30, 2005, at which time he was repeatedly provided mental health service. *Id*. These services are documented by the PCDCC Mental Health Screening Report dated September 30, 2005 and Plaintiff's subsequent PCDC Chronological Record of Mental Health Care. *Id*., Exhs. 3 and 4. Defendant Snow states that further mental health care was found unnecessary when in January of 2006 it was determined by Dr. Phyllis Knopp, an outside licensed psychologist, that Mr. Johnson did not have any "bonafide psychiatric symptoms" but was "[m]alingering." *Id*; Exh. 5 (January 20, 2006, Forensic Mental Health Report).

Defendant Snow states further that when Plaintiff was again incarcerated in the PCDCC jail starting on July 28, 2008, it was determined by the booking nurse that Plaintiff was not actively engaged in mental health treatment or on psychiatric medications in the community. *Id*. Mr. Johnson was evaluated by correctional staff on August 7, 2008 and determined to meet standards for hiring as a unit worker and his behavior log during this time indicated no mental health issues but that he instead was a good worker. *Id*. On August 25, 2008, Plaintiff again was examined by a second outside forensic psychologist, Dr. Carl Redick, who determined there was "no evidence within the interview of dissociation or other personalities" and no indication of serious mental disorder. *Id*.; Exh. 6. Thereafter, the PCDCC mental health supervisor reviewed his request for mental health services and based on his history, current psychological evaluation and current functioning agreed that he was not currently suffering from symptoms consistent with a major mental health disorder. *Id*., p. 3.

## II. STANDARD OF REVIEW

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that

REPORT AND RECOMMENDATION - 4

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56(c). In deciding whether summary judgment should be granted, the court must view the record in the light most favorable to the nonmoving party and indulge all inferences favorable to that party. Fed. R. Civ. P. 56(c) and (e). When a summary judgment motion is supported as provided in Fed. R. Civ. P. 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Fed. R. Civ. P. 56, must set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e). If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. *Id*.

The moving party must demonstrate the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." *Id.* Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" *Id.* (quoting *Anderson*, 477 U.S. at 290); see also *California Architectural Building Products, Inc.*, 818 F.2d at 1468 ("No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."). In other words, the purpose of summary judgment "is not to replace conclusory allegations of the

REPORT AND RECOMMENDATION - 5

complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990).

### III. DISCUSSION

**A. Failure to Exhaust**

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Further, "[a]ll 'available' remedies" must be exhausted, "[e]ven when the prisoner seeks relief not available in grievance proceedings." *Id.* at 524. Inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any relief or taking any action in response to the grievance, and must do so in a timely manner. *Booth v. Churner*, 531 U.S. 956, 121 S. Ct. 1819, 1825 (2001); *Woodford v. Ngo*. 548 U.S. 81, 126 S.Ct. 2378, 2386-87 (2006). The purpose of the exhaustion requirement is to "reduce the quantity and improve the quality of prisoner suits; . . . [and] afford corrections officials . . . opportunity to address complaints internally. . . . 42 U.S.C. § 1997e(a). *McKart v. United States*, 395 U.S. 185, 195 (1969).

In deciding whether the PLRA exhaustion standard has been met, it must be remembered that § 1997e(a) is an affirmative defense. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants have the burden of raising and proving the absence of exhaustion. *Id*. There can be no "absence of exhaustion" unless some relief remains "available," and a defendant must demonstrate

REPORT AND RECOMMENDATION - 6

that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. *Brown v. Valoff*, 422 F.2d 926, 937 (9th Cir. 2005).

Before a plaintiff can pursue a civil action with respect to prison conditions, he or she must exhaust the administrative remedies that are available. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738-40 (2001). This provision does not require exhaustion of *all* remedies; it requires the exhaustion of "such administrative remedies as are available." *Id*. (emphasis added).

Mr. Johnson alleged in his Amended Complaint that he did not file a grievance because it was "not subject to grievance procedure." Dkt. # 24, p. 2. The undisputed record reflects, however, that a procedure does exist at the Pierce County Jail. The Prisoner Information Handbook, applicable at the time in question, includes the available procedure for filing and appealing "Prisoner Grievances," for jail conditions such as medical and mental health care treatment. Dkt. # 28, p. 1, Exh. 1. In her Affidavit, Ms. Lacipierre states that she researched PCDCC prisoner grievance records for the Plaintiff and those records reveal that Mr. Johnson filed a grievance on August 25, 2005 concerning food services and that he received a response to that grievance. *Id*., p. 2. Thus, the record reflects that Mr. Johnson was familiar with the PCDCC grievance process. Ms. Lacipierre also states in her affidavit that her search of the PCDCC records disclose that Mr. Johnson filed no grievance during his periods of incarceration concerning mental or health care. *Id*., p. 2. Mr. Johnson has not provided any evidence to the contrary. *See, e.g., Sheets v. Terhune*, 421 F.Supp.2d 1304, 1307 (D. Cal. 2006) (officials "met their initial burden as the moving parties by setting forth evidence that they searched [corrections] records for any and all appeals submitted by plaintiff concerning the claims or parties underlying this action").

Viewing all the evidence in the light most favorable to Mr. Johnson, it appears that

REPORT AND RECOMMENDATION - 7

Defendant Snow is entitled to summary judgment dismissal of his claims against her as Mr. Johnson has failed to exhaust his administrative remedies. Accordingly, Plaintiff's amended complaint must be dismissed without prejudice.

**B. Statute of Limitations and Qualified Immunity**

Defendant Snow also argues that the 3-year limitation period for personal injuries under Washington law bars at least a portion of Plaintiff's claims and that she is entitled to qualified immunity. However, as the Court has determined that Mr. Johnson has failed to exhaust his administrative remedies, it need not reach these issues.

### IV. CONCLUSION

For the reasons stated above the Court should **GRANT** Defendant Snow's motion for summary judgment (Dkt. # 27) and Plaintiff's First Amended Complaint (Dkt. # 9) should be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 29, 2009**, as noted in the caption.

DATED this  6th  day of May, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8