UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYAN E. JOHNSON,

    Plaintiff,

  v.

JUDY SNOW,

    Defendant.

Case No. C08-5570 RJB

ORDER ON REVIEW OF REPORT AND RECOMMENDATION

The Court, having reviewed the Report and Recommendation of Magistrate Judge Karen L. Strombom, objections to the Report and Recommendation (Dkt. 36), and the remaining record, does hereby find and **ORDER**:

(1) In the Report and Recommendation, Judge Strombom recommends that the case be dismissed without prejudice because plaintiff failed to exhaust his administrative remedies. Dkt. 34. In his objections, plaintiff states that nurse Jackson told him that the issue regarding denial of his request for mental health treatment was not a grievable issue; that he filled out a grievance and gave it to another inmate who handed it to nurse Jackson; and that nurse Jackson would not take the grievance from the other inmate. Dkt. 36. Pursuant to Pierce County Jail policy, any formal grievance must be handed to a Corrections Officer. *See* Report and Recommendation, at 3. Plaintiff has not shown that he followed the Pierce County Jail's grievance procedures. Accordingly, his claims are unexhausted.

(2) Defendants contend that any allegations of inadequate record keeping that occurred more than three years before the November 12, 2008 filing of the complaint are barred by the statute of limitations. Defendants are correct that, even if plaintiff had properly exhausted his administrative remedies, any allegations of conduct that occurred more than three years before November 12, 2008 are barred by the statute of limitations. Limitation periods in cases brought under 42 U.S.C.§1983 are determined by reference to the applicable state's statute of limitations and the coordinate tolling rules. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir. 1981); *Bianchi v. Bellingham Police Department*, 909 F.2d 1316 (1990). RCW 4.16.080(2) provides a three year statute of limitations for personal injury to the person or rights of another.

ORDER - 1

This general statute of limitations for personal injury actions applies to actions brought under 42 U.S.C. § 1983 and § 1985. *McDougal V. County of Imperial*, 942 F.2d 668, 673 (9th Cir. 1991).

(3) Even assuming that plaintiff had exhausted his administrative remedies, defendant Judy Snow is entitled to qualified immunity. The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity balances two important interests: the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Id.* at 815. The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial. *Mitchell v. Forsyth*, 472 U.S. 635, 526 (1985). In *Saucier v. Katz*, 533 U.S. 194, 200 (2001), the Supreme Court set forth a two step sequence for resolving qualified immunity claims. First, a court must decide whether the alleged facts make out a violation of a constitutional right. *Id.* at 201. If the plaintiff satisfies the first step, the court must then decide whether the right at issue was clearly established at the time of the alleged misconduct. *Id.* In *Pearson v. Callahan*, the Supreme Court revisited *Saucier* and concluded that "while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory." *Pearson v. Callahan*, at 129 S.Ct at 811. "The judges of ... the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*

In this case, plaintiff alleges that he received inadequate mental health treatment, in violation of the Eighth Amendment. The government has an obligation to provide medical care for prisoners, and the Eighth amendment proscribes deliberate indifference to their serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such conduct is actionable under 42 U.S.C. § 1983. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)(reversed on other grounds by *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997)). To establish deliberate indifference, a prisoner must show that a defendant purposefully ignored or failed to respond to the prisoner's pain or possible medical need. *McGuckin v. Smith*, 974 F.2d at 1060; *Estelle v. Gamble*, 429 U.S. at 104. A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d at 1059. A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Id.* In order to establish deliberate indifference there must first be a purposeful act or failure to act on the part of the defendant. *McGuckin v. Smith* at 1060. A difference of opinion between a prisoner and medical authorities regarding proper medical treatment does not give rise to a section 1983 claim. *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

ORDER - 2

Further, a prisoner can make no claim for deliberate medical indifference unless the denial was harmful. *McGuckin v. Smith*, 974 F.2d at 1060; *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff maintains that staff at the Pierce County Jail failed to provide him with mental health care. The record shows that during plaintiff's first period of incarceration in 2005 and 2006, an outside licensed psychologist determined that plaintiff did not have PTSD, Dissociative Identity Disorder, or any bona fide psychiatric symptoms, but was malingering. Shortly after plaintiff began his current period of incarceration in July of 2008, an outside licensed psychologist examined plaintiff; and found that plaintiff was malingering and that he had personality problems, substance abuse, and mood problems masked by his substance abuse and lifestyle. In his objections, plaintiff refers to a psychological evaluation performed during his criminal proceedings; plaintiff also contends that he is currently on psychiatric medications. Dkt. 36.

Viewing the facts and allegations in the light most favorable to plaintiff, the record does not show that a constitutional right has been violated. At the most, plaintiff has shown that he has a difference of opinion with regard to his mental health needs while he was incarcerated at the Pierce County Jail. A difference of opinion does not rise to the level of an Eighth Amendment violation. Further, in the context of the facts alleged and evidence in the record, any such right was not clearly established. Defendant Judy Snow is entitled to qualified immunity.

On the facts alleged, plaintiff has not stated a claim for violation of his constitutional rights. Accordingly, any claim for injunctive relief is without merit.

(4) In his objections to the Report and Recommendation, plaintiff contends that he was not aware of the requirements for responding to defendants' motion for summary judgment. Dkt. 36, at 1. Plaintiff also requests legal assistance. Dkt. 36, at 8. Plaintiff was informed of the requirements for responding to a motion for summary judgment. *See* Dkt. 23. Plaintiff has not shown exceptional circumstances justifying an appointment of counsel. Plaintiff is able to articulate his claims clearly. Further, the claims are without merit. His request for appointment of counsel should be denied.

(5) The Court **ADOPTS** the Report and Recommendation (Dkt. 34) in part, with the addition of the analysis set forth herein. The court declines to adopt the recommendation of a dismissal without prejudice; the case should be dismissed with prejudice.

(6) Defendants' motion for summary judgment (Dkt. 27) is **GRANTED.** Plaintiff's request that the court appoint counsel to assist him (Dkt. 36) is **DENIED**.

(7) This case is **DISMISSED WITH PREJUDICE.**

(8) The Clerk is directed to send copies of this Order to Plaintiff, counsel for Defendants and to the Hon. Karen L. Strombom.

ORDER - 3

1  DATED this 1st day of June, 2009.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 4